UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEIGH CASTERGINE,<br><br>                    Plaintiff,<br><br>v.<br><br>STERLING METS FRONT OFFICE, L.L.C.<br>and JEFFREY WILPON,<br><br>                    Defendants. | 1:14-CV-5296 (WFK) (SMG)<br><br><br><br>**DEFENDANT JEFFREY WILPON'S<br>ANSWER TO COMPLAINT** |

Defendant Jeffrey Wilpon ("Wilpon") by and through his attorneys, O'Melveny & Myers LLP, as and for his Answer to the Complaint in the above-captioned matter, avers, admits or denies as follows:

Wilpon at all times treated Plaintiff fairly and without regard to her gender, marital status, pregnancy or leave. She was not discriminated against in the terms and conditions of her employment. The termination of her employment was based on legitimate business reasons having nothing whatsoever to do with her gender, marital status, pregnancy or leave. Business issues and conflicts in the workplace between Plaintiff and her immediate supervisor, Lou DePaoli ("DePaoli"), and other company executives, began before DePaoli or anyone else knew she was pregnant. DePaoli ultimately terminated Plaintiff, despite the long-standing support that Plaintiff received from Wilpon. Accordingly, and except as expressly addressed below, Wilpon denies each and every allegation in Plaintiff's Complaint (including, without limitation, any allegations contained in the headings or subheadings of Plaintiff's Complaint) and specifically denies any liability to Plaintiff. Wilpon expressly reserves the right to seek to amend and/or supplement this Answer as may be necessary.

1

## RESPONSE TO SPECIFIC ALLEGATIONS

In addition to and incorporating the above denial, Wilpon further answers the numbered Paragraphs in Plaintiff's Complaint as follows:

1. Denies the allegations in Paragraph 1, except admits that Plaintiff was recruited by Sterling Mets to become Vice President of Ticket Sales and Services and that she was promoted to the title of Senior Vice President in December 2013, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's background. Wilpon specifically denies the allegations that he terminated Plaintiff and avers that Plaintiff was terminated by and at the recommendation of her immediate supervisor, Executive Vice President and Chief Revenue Officer Lou DePaoli.

2. The allegations in Paragraph 2 of Plaintiff's Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Wilpon denies the allegations in Paragraph 2, and specifically denies that he violated any city, state or federal employment statutes or anti-discrimination laws, except admits that Plaintiff purports to bring this action under the New York Executive Law §§ 290 et seq. ("Executive Law"), the New York City Administrative Code, Title 8, §§ 8-107 et seq. ("City Law") and the Family Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA").

3. The allegations in Paragraph 3 of Plaintiff's Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Wilpon denies the allegations in Paragraph 3, and specifically denies that Plaintiff is entitled to any relief whatsoever.

## JURISDICTION AND VENUE

4. Denies the allegations in Paragraph 4, except admits that Plaintiff purports to invoke the Court's jurisdiction over this action pursuant to the FMLA, 29 U.S.C. § 2617(a)(2), and 28 U.S.C. § 1331.

5. Denies the allegations in Paragraph 5, except admits that Plaintiff purports to invoke supplemental jurisdiction over state-law claims under the Executive Law and City Law pursuant to 28 U.S.C. § 1367.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7. Denies the allegations in Paragraph 7, except admits that Plaintiff purports to invoke venue in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

8. Denies the allegations in Paragraph 8, except admits that Plaintiff was employed by Sterling Mets Front Office, LLC ("Sterling Mets") from December 13, 2010 until August 26, 2014.

9. To the extent that the allegations in Paragraph 9 of Plaintiff's Complaint consist of legal conclusions, no response is required. To the extent a response is required, Wilpon denies the first sentence of Paragraph 9 and admits and avers that the parent company of Sterling Mets owns the New York Mets Major League Baseball franchise.

10. To the extent that the allegations in Paragraph 10 of Plaintiff's Complaint consist of legal conclusions, no response is required. To the extent a response is required, Wilpon admits and avers that he is the Chief Operating Officer of Sterling Mets and holds an ownership interest in Sterling Mets.

## FACTUAL ALLEGATIONS

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, except admits on information and belief that Plaintiff graduated from the University of Pennsylvania in 2003.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, except admits on information and belief that Plaintiff worked on behalf of several sports organizations before becoming an employee of Sterling Mets in December 2010.

13. Denies the allegations in Paragraph 13, except admits on information and belief that Plaintiff had experience in data analytics and pricing strategy from her previous employment experience.

14. Denies the allegations in Paragraph 14, except admits that William Sutton contacted Plaintiff about the position of Vice President of Ticket Sales and Services of Sterling Mets, and avers that Plaintiff commenced employment on December 13, 2010.

15. Denies the allegations in Paragraph 15, and avers that Sterling Mets is not the baseball team incorrectly defined in the Complaint as "Team"; and avers that information about the baseball team's win-loss record and trades are a matter of publicly available information.

16. Denies the allegations in Paragraph 16.

17. Denies the allegations in Paragraph 17, and refers the Court to the article referred to therein for its true and complete contents, and specifically denies any characterization of that article that is inconsistent with its meaning when the document is read in its entirety.

18. Denies the allegations in Paragraph 18.

19. Denies the allegations in Paragraph 19.

20. Denies the allegations in Paragraph 20, except admits and avers that Plaintiff implemented various changes within the ticketing and sales department.

21. Denies the allegations in Paragraph 21, except admits and avers that Plaintiff received commissions/bonuses based on ticket sales and received a $25,000 salary increase in January 2012 and two salary raises in 2013 (a $6,000 increase in January 2013 and a $44,000 raise in December retroactive to August 2013); further avers that Wilpon informed Plaintiff in May 2013 that the organization intended to promote her to Senior Vice President at the end of the year and that in December 2013 she was promoted to that position; and refers the Court to the referenced publication for its true and correct contents.

22. Denies the allegations in Paragraph 22, except admits and avers that in 2011, 2012 and 2013, Plaintiff received commissions that were to be paid based on ticket sales results.

23. Denies the allegations in Paragraph 23, and specifically denies knowledge or information sufficient to form a belief as to when Plaintiff learned she was pregnant.

24. Denies the allegations in Paragraph 24.

25. Denies the allegations in Paragraph 25.

26. Denies the allegations in Paragraph 26.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, except admits and avers that in or around January 2014 Plaintiff appeared to faint while at work, that her co-workers, including DePaoli, rushed to assist her, and that the organization arranged to safely transport Plaintiff home for the day.

28. Denies the allegations in Paragraph 28.

29. Denies the allegations in Paragraph 29.

30. Denies the allegations in Paragraph 30, and refers the Court to the Employee Handbook for its true and complete contents.

31. Denies the allegations in Paragraph 31, and specifically denies that any such comments were made.

32. Denies the allegations in Paragraph 32.

33. Denies the allegations in Paragraph 33.

34. Denies the allegations in Paragraph 34, except admits and avers that Plaintiff worked through March 7, 2014, and on information and belief gave birth on March 10, 2014, and returned to work on June 2, 2014.

35. Denies the allegations in Paragraph 35, and avers that Plaintiff had begun to explore other employment opportunities before Wilpon or anyone else was aware of her pregnancy.

36. Denies the allegations in Paragraph 36.

37. Denies the allegations in Paragraph 37.

38. Denies the allegations in Paragraph 38, and specifically denies that Wilpon terminated Plaintiff.

39. Denies the allegations in Paragraph 39, and specifically denies that Wilpon terminated Plaintiff.

40. Denies the allegations in Paragraph 40, except admits that Sterling Mets offered Plaintiff a severance package and refers the Court to the severance package for its true and complete contents.

41. Denies the allegations in Paragraph 41.

42. Denies the allegations in Paragraph 42, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's conversation on August 26, 2014.

43. Denies the allegations in Paragraph 43, except admits that Sterling Mets received an e-mail from Plaintiff's lawyer, and avers that before the e-mail was received, Plaintiff had been terminated.

44. Denies the allegations in Paragraph 44.

### FIRST CAUSE OF ACTION - FMLA

45. In response to Paragraph 45 of the Complaint, Wilpon repeats each of his responses to Paragraphs 1 through 44 of the Complaint as if fully stated herein.

46. To the extent Paragraph 46 states a legal conclusion, no response is required, and to the extent Paragraph 46 requires a response, Wilpon denies the allegations in Paragraph 46.

47. Denies the allegations in Paragraph 47, and specifically denies that Plaintiff has been injured in any way.

### SECOND CAUSE OF ACTION - EXECUTIVE LAW

48. In response to Paragraph 48 of the Complaint, Wilpon repeats each of his responses to Paragraphs 1 through 47 of the Complaint as if fully stated herein.

49. To the extent Paragraph 49 states a legal conclusion, no response is required, and to the extent Paragraph 49 requires a response, Wilpon denies the allegations in Paragraph 49.

50. Denies the allegations in Paragraph 50, and specifically denies that Plaintiff has been injured in any way.

### THIRD CAUSE OF ACTION - EXECUTIVE LAW

51. In response to Paragraph 51 of the Complaint, Wilpon repeats each of his responses to Paragraphs 1 through 50 of the Complaint as if fully stated herein.

52. To the extent Paragraph 52 states a legal conclusion, no response is required, and to the extent Paragraph 52 requires a response, Wilpon denies the allegations in Paragraph 52.

53. Denies the allegations in Paragraph 53, and specifically denies that Plaintiff has been injured in any way.

## FOURTH CAUSE OF ACTION - CITY LAW

54. In response to Paragraph 54 of the Complaint, Wilpon repeats each of his responses to Paragraphs 1 through 53 of the Complaint as if fully stated herein.

55. To the extent Paragraph 55 states a legal conclusion, no response is required, and to the extent Paragraph 55 requires a response, Wilpon denies the allegations in Paragraph 55.

56. Denies the allegations in Paragraph 56, and specifically denies that Plaintiff has been injured in any way.

## FIFTH CAUSE OF ACTION - CITY LAW

57. In response to Paragraph 57 of the Complaint, Wilpon repeats each of his responses to Paragraphs 1 through 56 of the Complaint as if fully stated herein.

58. To the extent Paragraph 58 states a legal conclusion, no response is required, and to the extent Paragraph 58 requires a response, Wilpon denies the allegations in Paragraph 58.

59. Denies the allegations in Paragraph 59, and specifically denies that Plaintiff has been injured in any way.

## RESPONSE TO PRAYER FOR RELIEF

Wilpon denies that Plaintiff is entitled to recover any relief requested in Plaintiff's Prayer for Relief, or any relief whatsoever.

## PREAMBLE TO AFFIRMATIVE DEFENSES

Wilpon reserves the right to rely upon any of the following or any additional defenses to each claim for relief asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or by evidence at trial.

## FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state a claim against Wilpon upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2. The Court lacks jurisdiction because Plaintiff fails to state a claim for relief under the FMLA.

## THIRD AFFIRMATIVE DEFENSE

3. Sterling Mets had legitimate, non-discriminatory business reasons for all of its actions, including its decision to terminate Plaintiff's employment.

## FOURTH AFFIRMATIVE DEFENSE

4. Assuming *arguendo* (while denying) that Wilpon engaged in any unlawful conduct in connection with Plaintiff's employment and/or separation from employment, Sterling Mets still would have engaged in the same course of conduct based on legitimate, non-discriminatory reasons.

## FIFTH AFFIRMATIVE DEFENSE

5. As to any claim by Plaintiff for damages for physical injury, said claim is barred because her exclusive remedy is provided by the applicable workers' compensation statute.

**SIXTH AFFIRMATIVE DEFENSE**

6.     If Plaintiff suffered any injury as a result of Wilpon's actions, although such is not admitted hereby or herein, Plaintiff has a duty to mitigate her damages and, upon information and belief, failed to do so.

**SEVENTH AFFIRMATIVE DEFENSE**

7.     If Wilpon did injure Plaintiff as alleged, although such is not admitted hereby or herein, Plaintiff has not demonstrated and cannot demonstrate facts sufficient to warrant compensatory, punitive or exemplary damages.

**EIGHTH AFFIRMATIVE DEFENSE**

8.     Plaintiff's claims are frivolous, unreasonable, and groundless and, accordingly, Wilpon is entitled to recover all costs and attorneys' fees incurred herein.

**NINTH AFFIRMATIVE DEFENSE**

9.     Any verdict or judgment rendered against Wilpon must be reduced by those amounts that have been, or will, with reasonable certainty, indemnify Plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, worker's compensation, or employee benefit programs.

**TENTH AFFIRMATIVE DEFENSE**

10.    Plaintiff's alleged loss, damage, injury, harm, expense, diminution, or deprivation alleged, if any, resulted from independent, superseding, and/or intervening causes unrelated to any conduct of Wilpon.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.    Wilpon is not liable with regard to Plaintiff's claims under the Executive Law and the City Law because Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by Sterling Mets.

**TWELFTH AFFIRMATIVE DEFENSE**

12. Plaintiff's causes of action, and each of them, are barred by the doctrine of after-acquired evidence.

WHEREFORE, Defendant Jeffrey Wilpon requests that Plaintiff's Complaint, and all claims alleged therein, be dismissed with prejudice, that he be awarded the costs, disbursements, and attorneys' fees incurred in the defense of this action, and that he be granted any other relief to which he may be entitled.

Dated: New York, New York
October 31, 2014

O'MELVENY & MYERS LLP

By: */s/ Jeffrey I. Kohn*

Jeffrey I. Kohn
Erin P. Andrews
Times Square Tower
7 Times Square
New York, New York 10036
Tel: (212) 326-2000
Fax: (212) 326-2061
Email: jkohn@omm.com

*Attorneys for Defendant
Jeffrey Wilpon*